# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| EDWARD C. BROWDER, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 3:25-cv-610 |
| v. | ) | |
| | ) | Judge Atchley |
| KNOX COUNTY TENNESSEE, *et al.,* | ) | Magistrate Judge McCook |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM OPINION & ORDER

Before the Court is the Motion to Dismiss [Doc. 18] of Knox County, Tennessee, seeking dismissal of this action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3) and for failure to state a claim under Rule 12(b)(6). For reasons that follow, the Motion [Doc. 18] will be **GRANTED** and this action **DISMISSED**.

## I. ANALYSIS

Defendant argues that Plaintiff lacks standing to bring this action, that the statute of limitations on his claims has run, that the Complaint fails to allege a constitutional violation, and that Plaintiff has not plausibly alleged that a policy, practice, or custom of Knox County was the moving force behind any purported constitutional violation. In the alternative, Knox County argues the case should be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b).

Because it appears on the face of the Complaint [Doc. 1] that Plaintiff's Fourth and Fourteenth Amendment claims are barred by the statute of limitations, this action will be dismissed. "As § 1983 does not have its own statute of limitations, the court must look to state law to determine the limitations period." *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838,

843 (6th Cir. 2015). In Tennessee, a § 1983 claim must be brought within one year after the cause of action accrues. *Id.*

Taking the allegations of the Complaint as true, Plaintiff's claims arise out of an incident that occurred on September 3, 2021. [Doc. 1 at pg. 2, 4]. According to the Complaint, the Knox County Sheriff's Office conducted a search and seizure operation "involving" Plaintiff. [*Id.* at ¶ 6]. Plaintiff was detained and interrogated during this operation "without proper notice of existing legal process, and without constitutionally adequate advisement or protection of his rights." [*Id.* at ¶ 8]. "Several individuals participating in the operation were later determined—through official proceedings of the Tennessee Peace Officer Standards and Training ("POST") Commission—to have lacked the legally required POST certification to perform law enforcement duties in Tennessee." [*Id.* at ¶ 7]. Plaintiff alleges that material evidence associated with the operation "including body-worn camera recordings and related documentation, was not fully recorded, preserved, or disclosed pursuant to Knox County's constitutional duties." [*Id.* at ¶ 9]. Plaintiff alleges that "county officials failed to implement or enforce policies ensuring proper use, retention, and production of body-worn camera evidence." [*Id.*].

Based on these sparse allegations, Plaintiff's Count I asserts he was subjected to "unreasonable searches, seizures, detentions, and property confiscation in violation of the Fourth Amendment." [*Id.* at pg. 4]. For Count II, he asserts Defendants deprived him of his liberty and property without due process of law, "through inadequate notice, improper interrogation practices, and failure to safeguard or disclose material evidence." [*Id.*]. Count III seeks to impose municipal liability for these violations on Knox County.

Precisely how Plaintiff believes the alleged "raid, search, and seizure operation" violated his constitutional rights is not entirely clear. Indeed, Plaintiff appears to recognize that the

Complaint is not sufficiently detailed, stating in one of his filings that he filed it "as a protective filing" while he "completed assembly of the full evidentiary record." [Doc. 7]. The Complaint itself contemplates amendment "to provide additional factual detail and to identify individual municipal actors once a complete investigation and record assembly is finalized." [Doc. 1 at ¶ 12].

What is clear, however, is that any alleged violation of Plaintiff's rights took place on September 3, 2021, over four years before the Complaint was filed on December 15, 2025. While Plaintiff alleges that Knox County failed to, e.g., ensure retention of body-worn camera evidence, he does not say when that happened or when he discovered it. Similarly, Plaintiff alleges that several individuals participating in the raid were not POST-certified, and that he only discovered that fact "later." [*Id.* at ¶ 7]. He does not say when he discovered their lack of POST-certification, nor does he suggest that this discovery tolled the one-year statute of limitations.[1]

Whatever he may have later learned, Plaintiff alleges that he was subjected to unreasonable search and seizure and due process violations on September 3, 2021. It is well-established "that a § 1983 federal civil rights claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Johnson*, 777 F.3d at 843 (citation and punctuation omitted). Based on the allegations of the Complaint, his claim is barred by Tennessee's one-year statute of limitations for § 1983 actions and must be dismissed.

---

[1] Plaintiff's prior lawsuit based on the same September 2021 raid sheds some light on the timeline. But even if the Court were to consider those allegations here, it would not bring Plaintiff's claims within the one-year statute of limitations. Plaintiff filed *Browder v. Knox County, et al.*, Civil Action No. 3:25-cv-43, on January 29, 2025. In that complaint, he alleged that in January and March 2024, several local news outlets reported that officers involved in the September 2021 raid were not POST-certified. *See Browder v. Knox County, et al.*, Civil Action No. 3:25-cv-43 [Doc. 1 at ¶¶ 9-10]. Plaintiff alleged he would not have known about their lack of POST-certification without a January 29, 2024, investigative report. [*Id.*]. So even assuming, *arguendo*, that the statute of limitations was tolled until Plaintiff learned that the officers involved in the raid were not POST-certified, he appears to have discovered this fact no later than March 2024, over a year and a half before he filed the instant Complaint [Doc. 1].

Dismissal is also appropriate based on Plaintiff's failure to prosecute this action. Defendant's Motion to Dismiss [Doc. 18] was filed on June 11, 2026, so Plaintiff had until July 2, 2026, to respond. He did not respond in opposition, nor has he moved for an extension of time to do so. Courts in the Sixth Circuit have long recognized that "[a] plaintiff must oppose a defendant's motion to dismiss or otherwise respond or he waives opposition to the motion." *Moody v. CitiMortgage, Inc.*, 32 F. Supp. 3d 869, 875 (W.D. Mich. 2014); *see also Williams v. Chase Bank*, No. 15-10565, 2015 WL 4600067, at *3 (E.D. Mich. July 29, 2015) ("Numerous cases have held that where a plaintiff fails to respond to a motion to dismiss, his or her claims are deemed abandoned."); *Cruz v. Capital One, N.A.*, 192 F. Supp. 3d 832, 838–39 (E.D. Mich. 2016) (collecting cases); *Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 332 (6th Cir. 2008) (holding that a plaintiff's failure to respond to a motion to dismiss means any appeal on the merits of the decision is waived); *Scott v. State of Tenn.*, 878 F.2d 382 (6th Cir. 1989) ("It is an established principle of law that a district court may properly dismiss a plaintiff's case for want of prosecution. Similarly, if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." (citations omitted)). Local Rule 7.2 likewise cautions that "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. Tenn. Loc. R. 7.2.

For related reasons, Plaintiff is not entitled to a chance to amend. Plaintiff's *pro se* filings are clear, professional in tone, and reflect an understanding that the Federal Rules of Civil Procedure and Local Rules of this Court govern this action. Yet Plaintiff has repeatedly represented to both the Court and opposing counsel that he planned to file an amended pleading, and to date, has never done so. He first suggested an amendment would be filed in the Complaint itself, which was filed December 15, 2025. [Doc. 1 at ¶ 12]. His Motion for Extension of Time to Complete

4

Service [Doc. 7], repeats the suggestion, stating he "intends to amend to provide additional factual detail and to identify individual municipal actors." [*Id.* at 2]. That Motion was granted in part on March 17, 2026, giving Plaintiff 30 additional days to effect service. [*See* Doc. 9].

Then, on May 6, 2026, Defendant filed a Notice of Plaintiff to File an Amended Complaint [Doc. 13], attaching the parties' communications. That submission showed that Defendant contacted Plaintiff via email on May 1, 2026, in accordance with the Court's order to meet and confer prior to filing a motion to dismiss. [Doc. 13-1]. Plaintiff responded and informed Defendant that he intended to file an amended complaint no later than May 6, 2026. [*Id.*]. On May 6th, Plaintiff instead moved for an extension of time to amend, which was granted. [Docs. 14 & 15]. Magistrate Judge McCook's Order [Doc. 15] stated: "Plaintiff **SHALL** file his Amended Complaint on or before **May 20, 2026**." [Doc. 15]. The Order gave Defendant until June 3, 2026, to respond to the operative complaint. [*Id.*].

Plaintiff did not file an amended complaint by the May 20th deadline. So on June 3, 2026, Knox County filed a Second Notice of Plaintiff to File an Amended Complaint [Doc. 16], reporting that Plaintiff once again told them an amendment was forthcoming. [*Id.*]. Given the Court-ordered response deadline, Knox County sought guidance from the Court. [*Id.*]. Since Plaintiff still had not filed an amended pleading, the Court ordered Defendant to respond to the original complaint by June 11, 2026. [Doc. 17]. Plaintiff filed nothing in response to that Order [Doc. 17] and indeed has not filed anything in the case since his Motion for Extension of Time to Amend [Doc. 14] on May 6, 2026.

Having repeatedly represented to the Court and Defendant that an amended complaint is forthcoming, Plaintiff has now failed to respond in opposition to Knox County's Motion to Dismiss

[Doc. 18]. While Plaintiff's claims are time-barred, the Court finds in the alternative that dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b) is warranted.

## II.      CONCLUSION

Because the allegations of the Complaint demonstrate that Plaintiff's claims are time-barred, this action is **DISMISSED**. Despite Plaintiff's *pro se* status, dismissal rather than leave to amend is appropriate. This is so because Plaintiff has repeatedly represented to the Court and opposing counsel that an amended complaint is forthcoming, yet no amendment has been filed. Due to his failure to amend and subsequent failure to respond in opposition to the Motion to Dismiss [Doc. 18], the Court finds in the alternative that the Complaint is subject to dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). A separate judgment shall enter.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**

6